Reese, J.
delivered the opinion of the court.
The plaintiffs brought an action of assumpsit to recover the sum of five hundred dollars against the defendant, ill which action they counted upon goods, wares and merchandize sold and delivered to defendant by testator; money paid, laid out and expended by the testator for the use of defendant; and ’money had and received by the defendant for the use of the testator. The defendant pleaded non-assumpsit, the statute of limitations, and a set-off of debts due by plaintiff’s testator to him at the time of his death, of five hundred dollars, for goods wares and merchandize sold and delivered, for work and labor done; for money loaned; for money paid and laid out, and expended, and for money had and received exceeding the claim of plaintiff, out of which he offered to set-off so much as would satisfy the demand of the plaintiffs. Issue was taken upon all these pleas; subsequently the following entry appears of re *152 cord: “William Kincaid and Sarah McNew, executors, &c. vs. James Smith. By consent of parties, this cause is referred to the final award and arbitrament of Jacob Petre, Isaac C. Petre and Robert Lindsay, whose award is to be the judgment of this court; said.arbitrators to make their report at the next term of this court.” The arbitrators made and reported their award as follows: “William Kincaid and Sarah McNew, executor and executrix, vs. James Smith. Whereas, by an order of the Circuit Court of .Campbell county, at its May term, 1841, a certain case therein pending between William Kincaid, executor, and Sarah McNew, executrix, ’of the estate of Wm. McNew, deceased, and James Smith was referred to us to be arbitrated and decided, and'in compliance with said order, and at the request of the said parties, we have met at the house of Robert Lindsay on the 27th day of August, 1841, to perform the duties assigned us, and the matter was continued from'day to day to enable the parties to make’further proof, and after • hearing the allegations and proof of the parties, both being present, and fully considering, and from the best understanding of the proof, papers and matters before us, that we can get, we do decide and award, that James Smith recover of the said William Kincaid, executor, and Sarah McNew, executrix, of the estate of Wm. McNew, deceased, one hundred and fifty dollars and all the costs accruing, except the payment to the arbitrators for their services, which shall be equally divided between the parties;” and thereupon the Circuit Court gave judgment, that certain exceptions filed by the plaintiffs be overruled; that the -award be in all things confirmed^ and that the defendant recover of the plaintiffs the said sum of one hundred and fifty dollars, to be levied, &c., and the costs in this behalf expended. From- this judgment the plaintiffs have- appealed in error to this court. This award, as is seen above, resulted from a rule of reference made in a cause pending in court.. The question involved in that- suit was, how much the plaintiffs were entitled to recover, or whether any’ thing? On the one hand, th,e plaintiffs affirmed, ihat they were entitled to recover damages -from the defendant, for the non-performance of promises made to their testator; on the other hand, the defendant *153 alledges that the plaintiffs were not-entitled to recover any thing against him, because he had not promised at all; had not promised within three years, or, if he had, that testator was indebted to him, and of that debt he. was willing to set-off so 'much as would satisfy the damages claimed by the plaintiffs: upon the whole, on these several grounds, that the plaintiffs were not entitled to recover any thing whatever against him. He, himself, was not in form or in substance the demandant of any thing. His legal attitude was strictly defensive. And by no possibility could the court and jury have done more for him than to have repelled the claim of the plaintiff. Such was the suit referred to the arbitrators; such the rights and relations of the parties in that suit. With what power were, the arbitrators clothed, we do not say, by the submission of the-parties, or by their conduct before them, but by the rule of the court? They were clothed with power to determine, not upon all matters of controversy between the parties, but upon the matter of controversy involved in the suit. . It was their award ás ta that, which, by the rule of the court, was. to become the judgment of the court. This was the extent and limit of their commission from the court. The parties, themselves, may have given them a broader commission, and fuller powers, by- their submission, embracing claims and rights not involved in, or legally capable of being determined by the decision of the pending suit. If so, their awardmightbe very proper, and altogether valid as to such other claims and rights, but could not as to them, become the judgment of the court, because not by the court referred to the arbitrators, and- because not involved in that with which alone the court had to do, the matter of controversy in the pending suit. This seems to us clear upon principle, and ho authority to controvert it has been produced. The judgment, therefore, for the one hundred and fifty dollars, in favor of the defendant, was erroneous, and must be reversed. •
But what should have been the judgment of the court? The • award, that defendant should recover $150 and.the costs, determines the whole matter in controversy and more; and is, at least, in substance and legal effect, equivalent-to saying, we find the plaintiffs are not entitled to recover any thing whatever *154 from the defendant, but the defendant is entitled to recover his costs from the plaintiffs, which would justify the judgment that the plaintiffs take nothing by their suit, and that the defendant go hence without day, and recover his costs. This judgment we accordingly give.